# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

ALEXANDRA BAKKEBY; and )
ELIZABETH BAKKEBY DAHL, )
Next Friend to V.B. and G.B., )
Minor Children, )
)
        Plaintiffs, )
)
v. ) Case No. 13-CV-188-GKF-PJC
)
THE PRUDENTIAL INSURANCE )
COMPANY OF AMERICA; and )
THERESA BAKKEBY, )
)
        Defendants. )

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Dkt. #7] filed by defendant Theresa Porter (f/k/a Bakkeby) ("Porter"). Porter asserts the court lacks personal jurisdiction over her pursuant to Federal Rule of Civil Procedure 12(b)(2) and venue is improper under Rule 12(b)(3).

### Allegations of the Complaint

In their Complaint, plaintiffs Alexandra Bakkeby and Elizabeth Bakkeby, Next Friend to Minor Children V.B. and G.B., seek declaratory judgment that they are the proper beneficiaries of a life insurance policy procured by William Magnus Bakkeby, III, deceased (the "Insured") under the Veterans Group Life Insurance Program of 1965 ("VGLI").[1]

---

[1] VGLI is a program of post-separation insurance which provides for the conversion of Servicemembers Group Life Insurance ("SGLI") to renewable term coverage. *See* Servicemembers' and Veterans' Group Life Insurance Handbook, ¶12.01.a. Persons insured in the VGLI program, like SGLI, are insured under the provisions of a group life insurance policy purchased from a commercial life insurance company by the Veterans Administration. *Id.*, ¶12.01.b. Both SGLI and VGLI are governed by 38 U.S.C. § 1965 *et seq*.

The Complaint asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1331 because distribution of the life insurance proceeds in question depends upon federal statute 38 U.S.C. § 1965 *et seq.* [Dkt. #2, Complaint, ¶5]. It alleges that Porter is a citizen of the State of Kentucky and upon information and belief resides in Jefferson County, Kentucky; and that Alexandra Bakkeby, Elizabeth Bakkeby and the minor children V.B. and G.B. all reside in Tulsa County, Oklahoma. [*Id.*, ¶¶1-2, 4]. The Complaint alleges defendant The Prudential Insurance Company of America ("Prudential") is a New Jersey corporation authorized to do business in all 50 states, with its principal place of business in Newark, New Jersey. [*Id.*, ¶3].

Plaintiffs allege that under VGLI, Prudential was designated primary insurer of the program to provide life insurance benefits to eligible veterans and issued its Group Life Insurance Policy No. G-32000 ("the VGLI policy") to the Administrator of Veterans Affairs. [*Id.*, ¶6]. The Insured was covered for life insurance benefits under the VGLI policy in the amount of $200,000. [*Id.*, ¶7]. Plaintiffs allege, "Upon information and belief, in or around 2001, the Insured procured the VGLI policy because he had selected a higher benefit from his military retirement that would end at his death, and wanted the additional VGLI insurance for his three children in the event of his death." [*Id.*, ¶8]. They assert Alexandra Bakkeby, V.B. and G.B. are the only three children of the Insured, and that he intended them to be the beneficiaries of the VGLI policy. [*Id.*, ¶9].

Plaintiffs allege the Insured was married to Porter sometime in 2007 and was divorced from her in 2011, and "[s]ometime between 2007 and 2011, the VGLI policy beneficiary was improperly changed to reflect [Porter] as beneficiary." [*Id.*, ¶10]. The Complaint states, "Upon information and belief, the Insured intended to and effectively changed the beneficiary designation and expressed his intention to several individuals, including his own attorney, that he

intended for his three children, the Plaintiffs, to be named as the beneficiaries of the VGLI policy." [*Id.*, ¶11].

Plaintiffs seek declaratory judgment pursuant to 28 U.S.C. §§ 2201-2202 that they—and not Porter—are the proper beneficiaries of the Insured's VGLI policy, and an order requiring Prudential to pay the policy proceeds to them. [*Id.*, ¶15 and p. 4].

## Personal Jurisdiction

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendant. Plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998); *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).

The Complaint alleges (and Porter's Declaration establishes) that Porter is a citizen of Kentucky and resident of Jefferson County, Kentucky. Porter's Declaration further establishes:

- She is not, nor has she ever been a resident of Oklahoma;
- She has never been to or traveled through Oklahoma;
- She owns no real or personal property in Oklahoma, does not do business in Oklahoma and does not sell or ship products to Oklahoma;
- She has no contacts with Oklahoma; and
- The Insured was a resident of, and died in, Kentucky.

[Dkt. #7-1, Porter Dec.]. Nevertheless, plaintiffs contend the court may exercise personal jurisdiction over Porter based on 38 U.S.C. § 1984(a) and 28 U.S.C. §§ 1935, 1937.

**38 U.S.C. § 1984(a)**

Plaintiffs argue that Porter is subject to *in personam* jurisdiction in this court because 38 U.S.C. § 1984(a) allows the beneficiaries of a VGLI policy to bring an action for the policy proceeds in the district in which they reside. That statute provides, in pertinent part:

> In the event of disagreement as to claim, . . . *between the Secretary and any person or persons claiming thereunder an action on the claim may be brought against the United States* either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, . . .

38 U.S.C. § 1984(a) (emphasis added).

Plaintiffs' reliance on § 1984(a) is misplaced. By its plain language, the statute pertains to lawsuits against the United States—not suits against the insurer. And the Tenth Circuit, in *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1244-45 (10th Cir. 2001), held that the SGLI statutes do *not* confer federal jurisdiction over a claim against a SGLI *insurer* (as opposed to the United States).

In *Rice*, decedent's wife sued the Office of Servicemembers' Group Life Insurance ("OSGLI"), a subsidiary of Prudential, seeking the proceeds of her husband's SGLI policy. The decedent had changed the policy beneficiary from his wife to his mother 23 days before he committed suicide. The wife claimed decedent did not have the mental capacity to change beneficiaries, and also argued his mother exercised undue influence over him. *Id.* at 1244. The trial court granted summary judgment against the wife on the undue influence claim and, after a trial on the issue of mental capacity, the jury found for OSGLI. *Id.* Both parties took the position, which the trial court accepted, that federal jurisdiction over the case was conferred by 38 U.S.C. § 1975, which provides that "[t]he district courts of the United States shall have original jurisdiction of any civil action or claim *against the United States* founded upon this

4

subchapter [38 U.S.C. §§ 1965 *et seq*.]." (emphasis added).  However, the appellate court, acting *sua sponte*, concluded this position was contrary to the plain language of Section 1975.  It held the statute did not confer federal court jurisdiction over the dispute because plaintiff's lawsuit was against OSGLI, a division of Prudential and therefore a private entity. *Id.* The court noted that under 38 C.F.R. § 9.13, actions to recover on the policy, in which there is not alleged any breach of any obligation undertaken by the United States, must be brought against the insurer. *Id.*

Here, as in *Rice*, plaintiffs assert entitlement to proceeds of a military group life insurance policy offered by a private entity, Prudential.  The complaint makes no allegations that the government has breached any obligations under 38 U.S.C. § 1965, *et seq*.  Therefore, neither 38 U.S.C. § 1984, nor any other statute addressing SGLI and VGLI benefits, confers subject matter jurisdiction over this case.[2]

### Interpleader Statutes

Plaintiffs also argue the court may exercise jurisdiction over Porter based on 28 U.S.C. §§ 1335 and 1397.  Section 1335 provides, in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association or society having in his or its custody or possession money or property of the value of $500 or more . . . if
>
> > (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . ; and if (2) the plaintiff has deposited such money or property. . . into the registry of the court, there to abide the judgment of the court.

28 U.S.C. § 1335.  Section 1397 provides:

> Any civil action of interpleader or in the nature of interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants resides.

---

[2] Although the Complaint does not allege diversity jurisdiction, it appears, based upon allegations concerning the citizenship and residency of the parties, that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

28 U.S.C. § 1397.

However, this is not an interpleader action.  The complaint does not invoke 28 U.S.C. §§ 1335 or 1397.  Plaintiffs did not (nor could they) interplead funds into court, because the funds are held by the insurer, Prudential.  *See Gen. Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56-57 (10th Cir. 1977) (stating that "[t]he essential aspect [of an interpleader proceeding] is that the *res* be under the control of the person bringing the lawsuit, so as to be deliverable to the registry of the court," and holding the action did not qualify as an interpleader proceeding because the property at issue was not in the hands of the plaintiff and could not be placed by plaintiff in the custody of the court).  And although Prudential, in its Answer, Counterclaim and Cross-Claim [Dkt. ##20-21], has asserted a claim for interpleader, "interpleader jurisdiction is determined at the time suit is filed."  *Walker v. Prtizker*, 705 F.2d 942, 944 (7th Cir. 1983).

Nor does Federal Rule of Civil Procedure 22 confer either subject matter jurisdiction over the claim or personal jurisdiction over Porter.  That rule provides:

> **Rule 22. Interpleader**
>
> **(a) Grounds.**
>
> > **(1) *By a Plaintiff.*** Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.  Joinder for interpleader is proper even though:
> > (A) The claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> > (B) The plaintiff denies liability in whole or in part to any or all of the claimants.
> >
> > **(2) *By a Defendant.*** A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
> **(b) Relation to Other Rules and Statutes.** . . . .The remedy this rule provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361.  An action under those statutes must be conducted under these rules.

Fed.R.Civ.P. 22.  Clearly, Rule 22 permits a defendant to interplead the policy proceeds as a counterclaim or crossclaim as long as jurisdiction is proper under some other statutory ground.  It cannot, however, be used as a basis for creating either subject matter or personal jurisdiction.

Plaintiffs have failed to carry their burden of establishing that the court has personal jurisdiction over Porter.

## Conclusion

For the foregoing reasons, Porter's Motion to Dismiss [Dkt. #7] is granted.[3]  Plaintiffs' claim against Porter is dismissed without prejudice pursuant to Rule 12(b)(2).

ENTERED this 9th day of September, 2013.

                                                        *[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3] Having determined personal jurisdiction over Porter is lacking, the court does not address her contention that venue is improper under Rule 12(b)(3).