IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDRA BAKKEBY; and ELIZABETH BAKKEBY DAHL, Next Friend to V.B. and G.B., Minor Children, <br><br>Plaintiffs, <br><br>v. <br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and THERESA BAKKEBY, <br><br>Defendants. | Case No. 13-CV-188-GKF-PJC |

## OPINION AND ORDER

Before the court are the Request for Instructions Regarding Cross-Claim [Dkt. #24] and the Motion for Leave to Adopt Previously Filed Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction and Venue as her Response to the "Cross-Claim" of Defendant The Prudential Insurance Company of America [Dkt. #27], both filed by defendant Theresa Porter (f/k/a Bakkeby) ("Porter"). The Prudential Insurance Company of America ("Prudential") opposes the motions.

### Background/Procedural History

Plaintiffs Alexandra Bakkeby and Elizabeth Bakkeby ("Bakkebys") are, respectively, the daughter and Next Friend to V.B. and G.B., minor children of decedent William Magness Bakkeby, III, (the "Insured"). Porter is the ex-wife of the Insured. The Bakkebys and Porter are rival claimants to proceeds of a life insurance policy procured by the Insured from Prudential

under the Veterans Group Life Insurance Program of 1965 ("VGLI"). The Bakkebys filed suit in this court for declaratory judgment, seeking a determination that they, rather than Porter, are entitled to the insurance proceeds. They asserted jurisdiction was proper pursuant to 28 U.S.C. § 1331 because distribution of the life insurance proceeds in question depends on federal statute 38 U.S.C. § 1965, *et seq.*, the Servicemembers' Group Life Insurance Act.

Porter filed a Motion to Dismiss, asserting the court lacked personal jurisdiction over her and that venue was improper. [Dkt. #7]. Prudential filed an Answer, Affirmative Defenses, and Counterclaim and Crossclaim for Interpleader. [Dkt. ##20-21]. The court granted Porter's motion to dismiss the Complaint, finding it lacked personal jurisdiction over her. [Dkt. #22]. In the pending motions, Porter seeks dismissal of Prudential's cross-claim based on lack of personal and/or subject matter jurisdiction and improper venue.

Prudential, in its Counterclaim and Crossclaim, alleges the court has federal question jurisdiction because the life insurance plan benefits were provided pursuant to 38 U.S.C. § 1965, *et seq.*[1] Additionally, it asserts venue is proper under 28 U.S.C. §§ 1391(b)(2) and 1397, because a substantial portion of the events giving rise to the claims occurred in this district and one or more of the claimants live in this district. [Dkt. #21, ¶7]. Prudential states it "will deposit into the Court the Death Benefit, plus claim interest, if any, for disbursement in accordance with the judgment of this Court." [*Id.*, ¶21]. It seeks judgment permitting it to deposit the death benefits, plus interest, if any, into the court, discharging it from any further liability to the claimants, enjoining them from instituting any proceeding affecting the Plan or Death Benefit and awarding it attorneys' fees and costs. [*Id.* at 5-6].

---

[1] The Counterclaim and Crossclaim also alleges diversity jurisdiction exists. [Dkt. #21, ¶6]. However, in response to Porter's Motion to Dismiss, Prudential only asserts federal question jurisdiction. Porter contends diversity jurisdiction is lacking because the claim at issue is not a state law claim.

After the court granted Porter's Motion to Dismiss, it directed the parties to file a joint status report. [Dkt. #23]. Porter subsequently filed her Request for Instructions Regarding Cross-Claim, in which she states she ought not be required to incur additional attorney fees to answer the cross-claim because the court had determined that jurisdiction and venue are not proper. [Dkt. #24]. The following day, Porter filed her Motion for Leave to Adopt her Previously Filed Motion to Dismiss. [Dkt. #27]. In her motion, she adopted the arguments made in her earlier Motion to Dismiss.[2]

The court directed Prudential to respond to both the Request for Instructions Regarding Cross-Claim and the Motion for Leave to Adopt. [Dkt. ##26, 30]. In its response, Prudential asserted that since federal interpleader statutes were enacted to grant federal district courts both subject matter and personal jurisdiction over all potential claimants, the interpleader remedy should be liberally construed with respect to jurisdictional requirements and the court should maintain jurisdiction over all parties to the action. It argued that even though the plaintiffs' claim against Porter had been dismissed for lack of personal jurisdiction, the court has both subject matter jurisdiction and personal jurisdiction over Porter under 28 U.S.C §§ 1335 and 2361. Additionally, it asserted Porter had waived her right to assert the defense of lack of personal jurisdiction because she failed to answer, or move to dismiss, Prudential's cross-claim. Alternatively, Prudential asked that if the court refuses to maintain jurisdiction over Porter, the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 19(b) for failure to join a necessary party.

---

[2] Porter also asserted that the court had previously determined it lacked subject matter jurisdiction and that venue was improper as to Porter. [Dkt. #27]. In the earlier motion, however, Porter asserted only lack of personal jurisdiction and improper venue. [Dkt. #7]. The court, in its Opinion and Order granting Porter's Motion to Dismiss, held that it did not have personal jurisdiction with respect to plaintiffs' claims against Porter. The court declined to address the venue argument, and it did not render any ruling regarding subject matter jurisdiction. [Dkt. #22].

## Discussion

Interpleader may be sought pursuant to federal statute (28 U.S.C. §§ 1335, 2361) or Fed. R. Civ. P. 22.

28 U.S.C. § 1335 provides, in pertinent part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any . . . corporation . . . having issued a . . . policy of insurance, . . . [in the] amount of $500 or more, . . . if

> (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to . . . any one or more of the benefits arising by virtue of any . . . policy . . . or arising by virtue of any such obligation; and if (2) the plaintiff has . . . paid the . . . value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

28 U.S.C. § 1335(a).  Section 2361 provides:

In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court . . . .

Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361. Additionally, 28 U.S.C. § 1397 provides that an interpleader action may be brought in the judicial district in which one or more of the claimants reside.

Fed. R. Civ. P. 22 provides:

**Rule 22. Interpleader**

**(a) Grounds.**

4

> **(1)** *By a Plaintiff.*  Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.  Joinder for interpleader is proper even though:
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.
>
> **(2)** *By a Defendant.*  A defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim.
>
> **(b) Relation to Other Rules and Statutes.** . . . .The remedy this rule provides is in addition to—and does not supersede or limit—the remedy provided by 28 U.S.C. §§ 1335, 1397, and 2361.  An action under those statutes must be conducted under these rules.

Fed. R. Civ. P. 22.

## Subject Matter Jurisdiction

Interpleader under Rule 22 is a procedural device that does not, by itself, serve as a basis for federal jurisdiction.  *New York Life Ins. Co. v. Koscove*, No. CV-07-1606-PHX-DGCPL, 2007 WL 2750665, at *1 n.1 (D. Ariz. Sept. 19, 2007).  In contrast, statutory interpleader under 28 U.S.C. §§ 1335 and 2361 provides an independent basis for federal jurisdiction and allows for nationwide service of process.  Accordingly, Prudential relies on statutory interpleader as the basis for both subject matter and personal jurisdiction.

Section 1335 imposes three prerequisites to a court's exercise of jurisdiction over this case:  (1) The insurance policy must have a value of $500 or more; (2) two or more adverse claimants of diverse citizenship must be claiming entitlement to the proceeds of the policy; and (3) the insurer must have deposited the proceeds into the registry of the court.  28 U.S.C. § 1335(a). *See also Miller & Miller Auctioneers, Inc. v. G.W. Murphy Indus., Inc.*, 472 F.2d 893, 895 (10th Cir. 1973).

5

The death benefit at issue is $250,000. The Bakkebys are citizens of Oklahoma and Porter is a citizen of Kentucky. Thus, the first two prerequisites for exercise of jurisdiction are met. However, Prudential has not deposited the funds at issue into the court registry. Therefore, the third prerequisite has not been met. As Porter correctly asserts, an action for interpleader does not lie under the statute until the funds at issue or a bond has been deposited with the court. *See Id.* ("[P]ayment of the entire sum into the registry of the court or the giving of a bond meeting the requirements of the statute is a condition precedent to the jurisdiction of the court.").

Moreover, Prudential has not requested that process be issued, nor has it attempted to serve process, on Porter.[3] And until the funds are deposited with the court, nationwide service of process is not available and personal jurisdiction over Porter cannot be obtained. *See Edner v. Mass. Mut. Life Ins. Co.*, 138 F.2d 327, 330 (3d Cir. 1943) ("The making of the deposit or giving of a bond is . . . a condition precedent to the acquisition by the court of jurisdiction to direct the extra territorial service of process upon a nonresident defendant and to take further steps in the cause."). Further, the 120-day period for service of the cross-claim on Porter has expired. *See* Fed. R. Civ. P. 4(m).

Although Prudential's failure to deposit the disputed funds into the court registry creates a jurisdictional infirmity, case law in this circuit suggests it is one that is easily cured. In *AIG Annuity Ins. Co. v. Law Offices of Theodore Coates, P.C.*, 2008 WL 4079982, at *8 (D. Colo. Sept. 2, 2008), the district court found that subject matter jurisdiction over plaintiff's interpleader action was lacking because plaintiff had not deposited funds in the court registry. Nevertheless, it concluded that, rather than dismissing the complaint, the proper remedy was to give plaintiff the opportunity to deposit the disputed funds into the court's registry because plaintiff had

---

[3] Since Prudential has never served its cross-claim against Porter in compliance with 28 U.S.C. § 2361, the court rejects Prudential's arguments that Porter has waived the defense of lack of personal jurisdiction and/or is in default for failing to file an answer to the cross claim.

represented its unconditional willingness to do so and no party disputed plaintiff's legal control over the funds in controversy. *Id.* Similarly, in *Prudential Ins. Co. of Am. v. Bank of Commerce*, 857 F. Supp. 62, 65 (D. Kan. 1994), the court concluded it lacked jurisdiction of the stakeholder's interpleader claim because the proposed bond was inadequate, as the stakeholder proposed to self-surety the bond. Rather than dismissing the action, the court gave the stakeholder the opportunity to correct the deficiency by posting a bond with a surety other than itself, or depositing the required sum in the court registry. *Id.*

The interpleader statute "is remedial and to be liberally construed." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967). With this admonition in mind, and in the interest of judicial efficiency, the court concludes that Prudential should be given an opportunity to cure its jurisdictional defects by (1) tendering the death benefit to the registry of the court; (2) seeking leave, pursuant to Fed. R. Civ. P. 4(m), to extend the deadline for serving Porter; and (3) having process issued and served on Porter pursuant to 28 U.S.C. § 2361.

**Personal Jurisdiction and Venue**

Because the court currently lacks subject matter jurisdiction of the interpleader claim, Porter's defenses of lack of personal jurisdiction and improper venue are not ripe.

**Conclusion**

Porter's Request for Instructions Regarding Cross-Claim [Dkt. #24] and her Motion for Leave to Adopt Previously Filed Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction and Venue as her Response to the "Cross-Claim" of Defendant The Prudential Insurance Company of America [Dkt. #27] are granted in part and denied in part. The court finds that Prudential has failed to properly invoke subject matter jurisdiction under 28 U.S.C. § 1335 because it has not deposited the death benefit, together with all interest accrued

7

thereon, in the registry of the court, but grants Prudential leave to do so, and to seek further relief as set forth above, on or before December 26, 2013. Upon its deposit of the death benefit in the registry of the court, Prudential shall file an accounting of its calculation of interest.

ENTERED this 12th day of December, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT